WO                                                                                                         MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 21-00781-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| United States, et al., | |
| Defendants. | |

On April 30, 2021, Plaintiff Alfred E. Caraffa,[1] who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and a "Motion Title: Partial Summary Judgment Rule 56 and Default Judgment Rule 55(d)" (Doc. 3). Pursuant to 28 U.S.C. § 1915(g), the Court will deny the Application to Proceed, dismiss the Complaint and this action without prejudice, and deny as moot Plaintiff's Motion.

**I.    Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

---

[1] Plaintiff is housed in a male facility but uses feminine pronouns to refer to herself. The Court will do the same.

>upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

At least three of Plaintiff's prior actions qualify as "strikes" under § 1915(g):

(1) *Caraffa v. Maricopa County Sheriff's Department*, CV 20-00013-PHX-MTL (ESW) (Mar. 3, 2020 Order and Judgment dismissing Second Amended Complaint for failure to state a claim);

(2) *Caraffa v. Maricopa County Sheriff's Office*, CV 20-00227-PHX-MTL (ESW) (Mar. 30, 2020 Order and Judgment dismissing Second Amended Complaint for failure to state a claim);

(3) *Caraffa v. CHS*, CV 20-00256-PHX-MTL (ESW) (Feb. 10, 2020 Order dismissing Complaint for failure to state a claim, with leave to amend, and Apr. 13, 2020 Judgment for failure to file amended complaint).

Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee and $52.00 administrative fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.    Imminent Danger

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception

applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)).  Moreover, although a court considering a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

Plaintiff's allegations in her nine-count Complaint do not plausibly suggest she is in imminent danger of serious physical injury.  Thus, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g).  If Plaintiff wants to reassert these claims in the future, she must prepay the entire $402.00 filing and administrative fees when she files her action.  The Court will deny as moot the Plaintiff's Motion.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2) Plaintiff's "Motion Title: Partial Summary Judgment Rule 56 and Default Judgment Rule 55(d)" (Doc. 3) is **denied as moot**.

(3) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $402.00 filing and administrative fees when she files her action.

(4) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 7th day of May, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge